**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER MANNING *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>MERRICK B. GARLAND *et al.*,[1]<br><br>    *Defendants*. | Civil Action No. 20-664 (TJK) |

<u>**MEMORANDUM OPINION**</u>

Plaintiffs Peter Manning and Aaron Barfield, proceeding pro se, sue various employees and entities of the federal government and the state of Washington, challenging Washington's marijuana licensing and regulatory scheme.  Before the Court are the federal Defendants' motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim, ECF No. 10, and the state Defendants' motion to dismiss due to state sovereign immunity and for lack of personal jurisdiction, ECF No. 9.  For the reasons explained below, the Court will grant the federal Defendants' motion, grant the state Defendants' motion in part, and transfer the remaining claims against the state Defendants to the Western District of Washington.

## I.    Background

Plaintiffs challenge Washington's marijuana licensing and regulatory scheme.  They allege that the Washington State Liquor and Cannabis Board ("WSLCB"), Washington Governor Jay Inslee, WSLCB Chair Jane Rushford, and WSLCB Director Rick Garza—the "state Defendants"—have administered that regime in a way that discriminates against African-

---

[1] Attorney General Merrick Garland is substituted for William Barr in his official capacity under Federal Rule of Civil Procedure 25(d).

Americans and that violates the terms of certain federal grants by flouting federal laws governing controlled substances. ECF No. 12 ("Am. Compl.") ¶¶ 1.2–1.5. In particular, Plaintiffs allege that the state Defendants have inconsistently enforced rules and improperly enforced draft rules to disqualify African-American licensing applicants while "whites with the same qualifications were approved for licensing." *Id.* ¶¶ 4.17–4.18. As a result, "[o]f the approximate 2000 recreational cannabis licenses currently operating under color of law in Washington State's illicit regulatory system, less than 1% have African Americans as majority owners." *Id.* ¶ 4.23. Plaintiffs allege that they have been harmed because they are African-American residents of Washington who have been denied licenses. *Id.* ¶¶ 3.1–3.2, 4.5. As for Attorney General Merrick Garland, former Attorney General William Barr, and the Department of Justice—the "federal Defendants"—Plaintiffs allege they are violating their "duty to ensure that those receiving grants and funds from the Department of Justice abide by the terms of their agreements." *Id.* ¶ 4.29. Plaintiffs have sued Inslee, Rushford, Garza, and Barr in both their individual and official capacities, *id.* ¶¶ 3.3–3.7, and Garland now replaces Barr in his official capacity, *see* Fed. R. Civ. P. 25(d).

Plaintiffs assert causes of action under 42 U.S.C. §§ 1981, 1983, 1985 and Wash. Rev. Code § 49.60.030, 49.60.400. *Id.* at 9. They also assert claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Id.* at 10–11. They seek an unspecified amount of damages, as well as declaratory and injunctive relief. *Id.* at 9–11. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, they ask the Court to declare that the state Defendants' policies violate federal law and discriminate based on race and to declare that the federal Defendants have breached their duties to ensure grant recipients abide by federal law. Am. Compl. at 9–11.

Finally, Plaintiffs seek an injunction under the All Writs Act, 28 U.S.C. § 1561, enjoining

Defendants' conduct and any further grant funding.  Am. Compl. at 9–11.

## II.    Legal Standards

"Federal courts are courts of limited jurisdiction . . . possess[ing] only that power

authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

375, 377 (1994).  Thus, a federal court must ensure it has jurisdiction over a claim before

proceeding to the merits.  *Moms Against Mercury v. FDA*, 483 F.3d 824, 826 (D.C. Cir. 2007);

*see also* Fed. R. Civ. P. 12(h)(3).  When a defendant moves to dismiss the claims against him for

lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the plaintiff

bears the burden of establishing jurisdiction." *Slack v. Wash. Metro. Area Transit Auth.*, 325 F.

Supp. 3d 146, 151 (D.D.C. 2018) (citing *Georgiades v. Martin-Trigona*, 729 F.2d 831, 833 n.4

(D.C. Cir. 1984)).

A motion to dismiss under Rule 12(b)(2) tests whether the Court may exercise personal

jurisdiction over the defendant.  The plaintiff bears "the burden of establishing a factual basis for

the exercise of personal jurisdiction." *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456

(D.C. Cir. 1990).  The D.C. Circuit has held that absent jurisdictional discovery or an evidentiary

hearing on jurisdiction, a plaintiff can carry her burden by making "a *prima facie* showing"

of personal jurisdiction.  *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (citation omitted).

To do so, a plaintiff need not "adduce evidence that meets the standards of admissibility reserved

for summary judgment and trial." *Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 44

(D.D.C. 2010).  Instead, "she may rest her arguments on the pleadings," bolstered by affidavits

and other written materials.  *Id.*  That said, she "cannot rest on bare allegations or conclusory

statements." *GTE New Media Servs., Inc. v. Ameritech Corp.*, 21 F. Supp. 2d 27, 36 (D.D.C.

1998).  Rather, she "must allege specific facts connecting each defendant with the forum." *Id.*

III.    **Analysis**

A.    **Claims Against the Federal Defendants**

All claims against the federal Defendants will be dismissed for one or more of the following reasons: sovereign immunity, failure to state a claim, failure to effectuate service, lack of standing, and lack of subject-matter jurisdiction.

1.    **Counts II, III, and IV (Violations of 42 U.S.C. §§ 1981, 1983, and 1985)**

Plaintiffs' claims under 42 U.S.C. §§ 1981, 1983, and 1985 will be dismissed against the Department of Justice and Attorney General Garland because of sovereign immunity. Sovereign immunity bars suits against the United States, its agencies, and its employees sued in their official capacities under these statutes, absent a waiver. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). And the United States has not waived sovereign immunity from suit under these statutes. *See Prince v. Rice*, 453 F. Supp. 2d 14, 26 (D.D.C. 2006) (section 1981); *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005) (section 1983); *Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C. 2006) (section 1985).[2]

Plaintiffs' claims under 42 U.S.C. §§ 1981, 1983, and 1985 will also be dismissed against Barr because Plaintiffs have failed to state a claim. First, 42 U.S.C. §§ 1981 and 1983 do not apply because Plaintiffs do not allege that Barr was acting under color of state law as those statutes require. *See Prince*, 453 F. Supp. 2d at 25–26 (section 1981); *Settles*, 429 F.3d at 1104 (section 1983). Rather, they assert that he was acting under color of federal law, *see, e.g.*, Am.

---

[2] Courts in this District have also noted that 42 U.S.C. §§ 1981 and 1983 apply only to "persons" acting under color of state law and thus not to federal agencies; as such, a party fails to state a claim when it asserts violations of these statutes by agencies. *See DynaLantic Corp. v. Dep't of Defense*, 885 F. Supp. 2d 237, 291 (D.D.C. 2012); *Prince*, 453 F. Supp. 2d at 26. Section 1985 likewise applies only to "persons" and thus excludes federal agencies. *Stich v. U.S. Dep't of Justice*, No. 86-2523, 1987 WL 9237, at *2 (D.D.C. Mar. 27, 1987).

Compl. ¶¶ 4.29–4.30, and the proper vehicle for a claim against a federal official in his

individual capacity acting under color of federal law is a *Bivens* claim, which the Court addresses

below.  As for 42 U.S.C. § 1985, that statute prohibits conspiring to deprive a person of civil

rights, but Plaintiffs do not allege any facts to suggest that he was involved in such a conspiracy.

*See Roum*, 461 F. Supp. 2d at 46.

Finally, these claims against Barr must also be dismissed for insufficient service of

process.  As the federal Defendants point out, "it does not appear from the docket that [Barr] has

been served in his individual capacity."  ECF No. 10 at 1 n.1.  "On a motion to dismiss for

insufficient service, "the plaintiff [must] establish[] that [] he has properly effected service' as is

required under Rule 4."  *Cornish v. United States*, 885 F. Supp. 2d 198, 204 (D.D.C. 2012)

(quotation omitted).  Here, Plaintiffs have not met their burden to demonstrate proper service on

Barr in his individual capacity; indeed, they have not filed proof of any service.  Nor have they,

over 300 days past the 90-day deadline to effectuate service, sought to extend the time to do so.

*See* Fed. R. Civ. P. 4.

### 2.    Count IX (*Bivens* Claim)

Plaintiffs' *Bivens* claim against Barr will also be dismissed for insufficient service of

process.  "In a *Bivens* action, the defendants must be personally served as individuals in order for

a court to have jurisdiction over them . . . . The failure to effect individual service is fatal to

a *Bivens* claim."  *Cornish*, 885 F. Supp. 2d at 205 (quotation omitted).  And to repeat, Plaintiffs

have not met their burden to show proper service on Barr in his individual capacity or filed proof

of any service.  That failure is "fatal," *id.*, and Plaintiffs' *Bivens* claim will therefore be

dismissed for insufficient service.[3]

### 3.    Count VI (Unconstitutional Grants and State Statutes)

The Court will dismiss this count against the federal Defendants for lack of standing.  To satisfy the "'irreducible constitutional minimum' of standing" under Article III, a plaintiff must show: "(1) an 'injury in fact' that is 'concrete and particularized' as well as 'actual or imminent'; (2) a 'causal connection' between the injury and the challenged conduct; and (3) a likelihood, as opposed to mere speculation, 'that the injury will be redressed by a favorable decision.'"  *Ark Initiative v. Tidwell*, 749 F.3d 1071, 1075 (D.C. Cir. 2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).  Plaintiffs bear the burden of establishing these elements.  *See Defenders of Wildlife*, 504 U.S. at 561.

The Court finds that Plaintiffs have failed to allege an injury in fact related to this claim. Plaintiffs' alleged harm arises from the state Defendants' administration of Washington's marijuana regulatory regime and specifically their denial of Plaintiffs' license applications—not from the "continuing awards of grant money."  *See* Am. Compl. at 10.  Plaintiffs identify no concrete and particularized harm caused by the federal Defendants' awarding these grants, which Plaintiffs do not even allege support or otherwise have any connection to Washington's scheme under which they have purportedly been denied licenses.

---

[3] In any event, Plaintiffs also fail to state a *Bivens* claim.  "To state a claim under *Bivens*, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"  *Morris v. U.S. Sentencing Comm'n*, 62 F. Supp. 3d 67, 74–75 (D.D.C. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). "Consequently, high-level officials, such as Attorney General [Barr], typically are not subject to *Bivens* liability since they do not routinely participate personally in decisions about a particular individual at a particular location."  *Id.* at 75 (citing *Iqbal*, 556 U.S. at 676–77).  Plaintiffs do not plead any specific actions by Barr.

### 4.     Counts I and VII (Declaratory Judgments Act)

These counts will be dismissed for failure to state a claim.  "A request for declaratory

judgment constitutes a form of relief, not a cause of action."  *Robinson v. Howard Univ., Inc.*,

335 F. Supp. 3d 13, 32 (D.D.C. 2018) (quoting *Fitts v. Fed. Nat'l Mortg. Ass'n*, 44 F. Supp. 2d

317, 330 (D.D.C. 1999)).  Thus, "the availability of declaratory relief presupposes the existence

of a judicially remedial right."  *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (cleaned up).

Because the Court will dismiss Plaintiffs' claims against the federal Defendants under 42 U.S.C.

§§ 1981, 1983, *Bivens*, and for unconstitutional grants, they have stated no claim upon which

relief—here, a declaratory judgment—could be granted.  *Id.*

### 5.     Count VIII (All Writs Act)

The count invoking the All Writs Act will be dismissed for lack of subject-matter

jurisdiction.  Under the All Writs Act, federal courts "may issue all writs necessary or

appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of

law."  28 U.S.C. § 1651.  "The Act does not grant or expand the jurisdiction of district courts; it

only permits the issuance of writs as necessary to protect the jurisdiction of the court."  *Lakner v.*

*U.S. Dep't of Defense*, 755 F. Supp. 2d 132, 137 (D.D.C. 2010).  Thus, "there must be an

independent statute that grants [the court] jurisdiction"—in other words, an underlying cause of

action—before a plaintiff can receive relief under the All Writs Act.  *Sai v. Trump*, 325 F. Supp.

3d 68, 71 (D.D.C. 2018) (quoting *In re al-Nashiri*, 791 F.3d 71, 76 (D.C. Cir. 2015)).

Because the Court will dismiss all of Plaintiffs' other claims against the federal

Defendants—brought under 42 U.S.C. §§ 1981, 1983, 1985, *Bivens*, and for unconstitutional

grants—no other statute supports the issuance of a writ, depriving the court of jurisdiction.[4]

Plaintiffs also point to a hodge-podge of statutes—including the Controlled Substances Act,

various treaties, and criminal statutes governing banking and prohibiting money laundering, Am.

Compl. ¶ 4.4—that the federal Defendants are supposedly violating and could be ordered to

enforce through the All Writs Act, but they do not identify any private right of action that would

enable Plaintiffs to sue to enforce them.  As a result, the Court lacks jurisdiction.  *See Syngenta*

*Crop Prot., Inc. v. Drexel Chemical Co.*, 655 F. Supp. 2d 54, 62 (D.D.C. 2009).[5]

> **B.    Claims Against the State Defendants**

The claims against WSLCB will be dismissed for lack of subject-matter jurisdiction

because the WSLCB has immunity under the Eleventh Amendment, and although the Court

lacks personal jurisdiction over Inslee, Rushford, and Garza, it will transfer the claims against

them to the Western District of Washington.

> **1.    Eleventh Amendment Immunity**

The Eleventh Amendment generally prohibits a federal court from exercising jurisdiction

over claims against a state, unless the state voluntarily waives its immunity by "unequivocally

---

[4] Courts in this District have generally treated the All Writs Act analysis as an issue of jurisdiction, *see, e.g.*, *Syngenta*, 655 F. Supp. 2d at 62; *Lakner*, 755 F. Supp. 2d at 137, and the Declaratory Judgments Act analysis as a question of whether the plaintiff has stated a claim, *see, e.g.*, *Robinson*, 335 F. Supp. 3d at 32.  But however conceptualized, dismissal against the federal Defendants is warranted.

[5] The federal Defendants interpret Plaintiffs' amended complaint as also asserting a claim for mandamus.  For related reasons, the Court lacks subject-matter jurisdiction over a such a claim. Plaintiffs have not identified a "clear duty to act," *Council of & for the Blind of Del. Cty. Valley, Inc. v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983), and without such a duty, the Court lacks subject-matter jurisdiction, *Lovitky v. Trump*, 949 F.3d 753, 758, 760, 763 (D.C. Cir. 2020).  In the alternative, the Court agrees with the federal Defendants that it lacks subject-matter jurisdiction because Plaintiffs lack standing.  *See Nyambal v. Mnuchin*, 245 F. Supp. 3d 217, 223–24 (D.D.C. 2017) (plaintiff lacked standing because requested writ of mandamus would not redress the alleged injury).

express[ing]" consent to "suit against it in federal court," or Congress "abrogate[s] the Eleventh Amendment immunity" with "an unequivocal expression of congressional intent." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *see also Watters v. Wash. Metro. Area Transit Auth.*, 295 F.3d 36, 40 (D.C. Cir. 2002). Immunity extends to a state's "agencies or departments [] named as the defendant." *Pennhurst*, 465 U.S. at 100; *see also City of Oakland ex rel. Bd. of Port Comm'rs v. Fed. Mar. Comm'n.*, 724 F.3d 224, 227 (D.C. Cir. 2013).

Because the WSLCB is an "agency or department" of the state of Washington, the Eleventh Amendment applies and bars suit, unless Washington has waived immunity or Congress has abrogated it. But Plaintiffs point to no language waiving immunity in any of the state statutes under which they have sued or any language suggesting that Washington consents to suit in federal court regarding federal grants. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (participating in federal grant program insufficient to waive immunity). As for the federal statutes Plaintiffs reference, courts have not found "an unequivocal expression of congressional intent," *Pennhurst*, 465 U.S. at 99, to abrogate the Eleventh Amendment under 42 U.S.C. §§ 1981, 1983, or 1985.[6] *See Quern v. Jordan*, 440 U.S. 332, 342 (1979); *Thompson v. Wash. Metro. Area Transit Auth.*, No. 01-7026, 2001 WL 1154420, at *1 (D.C. Cir. Aug. 9, 2001). Thus, these claims will be dismissed based on sovereign immunity. And with these claims dismissed against the federal Defendants, as already discussed, neither the All Writs Act nor the Declaratory Judgments Act provides a remedy without an underlying "judicially remediable right." *Ali*, 649 F.3d at 778.

---

[6] In addition, 42 U.S.C. §§ 1981, 1983, and 1985 apply only to "persons" and thus not to states or its agencies. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989).

### 2.     Personal Jurisdiction

Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1086 (D.C. Cir. 2007) (cleaned up).  There are two types of personal jurisdiction: general and specific.  General jurisdiction allows the Court to hear any claim against the defendant, no matter where it arises.  *See Livnat v. Palestinian Auth.*, 82 F. Supp. 3d 19, 25 (D.D.C. 2015).  Specific jurisdiction, by contrast, allows the Court to hear only those claims that "arise[] out of or relate[] to the defendant's contacts with the forum." *Geier v. Conway, Homer & Chin-Caplan, P.C.*, 983 F. Supp. 2d 22, 31 (D.D.C. 2013).  In either case, District of Columbia law must provide a statutory basis for personal jurisdiction.  *See* Fed. R. Civ. P. 4(k)(1)(A); *see also Bradley v. DeWine*, 55 F. Supp. 3d 31, 39 (D.D.C. 2014).  Plaintiffs have not shown either type of personal jurisdiction over Inslee, Rushford, and Garza.[7]

### a.     General personal jurisdiction

District of Columbia law confers general personal jurisdiction when the defendant is "domiciled in . . . or maintaining his or its principal place of business in, the District of Columbia."  D.C. Code § 13-422.  Plaintiffs do not assert that Inslee, Rushford, or Garza are domiciled in the District of Columbia, nor do they argue that they maintain a principal place of

---

[7] Plaintiffs sued Inslee, Rushford, and Garza in both their official and individual capacities.  Am. Compl. ¶¶ 3.5–3.7.  Although Eleventh Amendment immunity extends to state officials acting in their official capacity, *Will*, 491 U.S. at 70–71, the Supreme Court carved out an exception in *Ex Parte Young* for suits seeking prospective, injunctive relief.  209 U.S. 123 (1908); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997).  The individual state Defendants do not dispute that *Ex Parte Young* applies here and instead argue that the Court lacks personal jurisdiction over them regardless.  ECF No. 9 at 10–11; *see West v. Holder*, 60 F. Supp. 3d 190, 194–96 (D.D.C. 2014) (declining to analyze whether *Ex Parte Young* applied because court lacked personal jurisdiction over defendant).

business here.  Rather, Plaintiffs argue that "the State of Washington has repeatedly and systematically availed itself of the jurisdiction of this Court" through its involvement in past cases in this District.  ECF No. 13 at 2–3.  But the state's selection of this District as a forum for litigation in the past does not establish domicile or a principal place of business in the District of Columbia.  Thus, Plaintiffs have not met their burden to make out a prima facie showing of general personal jurisdiction.[8]

###### b.    Specific personal jurisdiction

Specific jurisdiction is a "two-step inquiry."  *West*, 60 F. Supp. 3d at 193.  A plaintiff must show that jurisdiction is proper under both the District of Columbia's long-arm statute, *id*; *see also* D.C. Code § 13-423[9], and the Due Process Clause of the U.S. Constitution, *D'Onofrio v. SFX Sports Grp., Inc.*, 534 F. Supp. 2d 86, 90 (D.D.C. 2008) (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)).

---

[8] Inslee acknowledges that he maintains a "small liaison office" in Washington.  ECF No. 9 at 6 n.1.  But the existence of this liaison office also does not establish general personal jurisdiction. Plaintiffs have made no allegations suggesting that this office is his principal place of business.

[9] The long-arm statute provides, in relevant part:

> A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—
> (1) Transacting any business in the District of Columbia;
> (2) Contracting to supply services in the District of Columbia;
> (3) Causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; [and]
> (4) Causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business . . . in the District of Columbia[.]

D.C. Code § 13-423(a).

Plaintiffs appear to argue that personal jurisdiction is supported by the state Defendants' activity contracting with the federal government to receive federal grant funds.  ECF No. 12 ¶¶ 4.27-4.30; ECF No. 13 at 2.  But the Court lacks "personal jurisdiction over non-residents whose only contact with this jurisdiction involves uniquely governmental activities."  *Morgan v. Richmond Sch. of Health & Tech., Inc.*, 857 F. Supp. 2d 104, 108 (D.D.C. 2012) (quoting *Siam Kraft Paper Co. v. Parsons & Whittemore, Inc.*, 400 F. Supp. 810, 812 (D.D.C. 1975)) (citing *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 786-89 (D.C. Cir. 1983)).  As a result, "certain contacts with the federal government—such as meeting with federal officials in Washington, D.C., or receiving federal funding—are insufficient to establish personal jurisdiction."  *Id.* (quotation omitted).  Otherwise, "[t]o permit our local courts to assert personal jurisdiction over nonresidents whose sole contact with the District consists of dealing with a federal instrumentality not only would pose a threat to free public participation in government, but also would threaten to convert the District of Columbia into a national judicial forum."  *Id.* (quoting *Envtl. Research Int'l Inc. v. Lockwood Greene Eng'rs, Inc.*, 355 A.2d 808, 813 (D.C. 1976)).  The grant contracts therefore do not establish specific personal jurisdiction.[10]

### 3.    Partial Transfer of Claims

Having determined that Plaintiffs' claims against the state Defendants fail for the reasons stated above, the Court considers Plaintiffs' request that these claims be transferred to the Western District of Washington, rather than dismissed.  ECF No. 13 at 3.  As discussed below,

---

[10] For the same reason, Inslee's liaison office and any contact with federal officials coordinated through that office also does not support specific jurisdiction.  *See West*, 60 F. Supp. 3d at 194–95 (concluding that Inslee's liaison office did not satisfy any provisions of long-arm statute).

the Court will transfer Plaintiffs' claims against Inslee, Rushford, and Garza, but dismiss Plaintiffs' claims against the WSLCB.

A court may transfer a case to another district "if it be in the interest of justice." 28 U.S.C. § 1406(a).[11] The decision whether to transfer "rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Courts favor "the transfer of cases when procedural obstacles 'impede an expeditious and orderly adjudication . . . on the merits.'" *Sinclair v. Kleindienst*, 711 F.2d 291, 293–94 (D.C. Cir. 1983) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)). Examples of procedural obstacles "include the lack of personal jurisdiction, improper venue and statute of limitations bars." *Id.* at 294.

The Court finds that it is in the interest of justice to transfer Plaintiffs' claims against Inslee, Rushford, and Garza, over whom it does not have personal jurisdiction. Transferring these claims would help ensure that they are ultimately resolved on the merits. In addition, Plaintiffs are proceeding pro se, transfer appears to be the most efficient way forward, and Defendants did not object to the transfer request or claim they would be prejudiced by it. *See Roland v. Branch Banking & Trust Corp.*, 149 F. Supp. 3d 61, 68-69 (D.D.C. 2015). As for the claims against the WSLCB, though, no federal court would have subject-matter jurisdiction over them because of the WSLCB's immunity under the Eleventh Amendment, so the Court will

---

[11] In addition, "transfer would be permissible only if the district court could determine that the [transferee district] likely would have personal jurisdiction. . . ." *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 892 (D.C. Cir. 2021) (citing *Sharp Elecs. Corp. v. Hayman Cash Reg. Co.*, 655 F.2d 1228, 1230 (D.C. Cir. 1981) and *Sinclair*, 711 F.2d at 294). The Court finds it is likely that the Western District of Washington would have personal jurisdiction over Inslee, Rushford, and Garza.

dismiss them.  *See, e.g.*, *Naartex Consulting Corp.*, 722 F.2d at 789 (when a plaintiff "fail[s] to show that its claims . . . could properly be heard in any federal court," dismissal is proper).

## IV.    Conclusion

For all the above reasons, the federal Defendants' Motion to Dismiss, ECF No. 10, will be granted, the state Defendants' Motion to Dismiss, ECF No. 9, will be granted in part, and the remaining claims against the state Defendants will be transferred to the Western District of Washington.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 31, 2021